1

2

**NOT FOR CITATION**

3

UNITED STATES DISTRICT COURT

4

NORTHERN DISTRICT OF CALIFORNIA

5

6

7   NOEL VALDIVIA, SR.,

8                    Petitioner,                          No. C 07-1760 PJH (PR)

9        vs.                                              **ORDER TO SHOW CAUSE**

10  ROBERT AYERS, Warden,

11                   Respondents.
                                                    /
12

13       Petitioner, a California prisoner currently incarcerated at San Quentin State Prison,

14  has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has

15  paid the filing fee.

16       The petition attacks denial of parole, so venue is proper in this district, which is

17  where petitioner is confined.  *See* 28 U.S.C. § 2241(d).

18                                    **BACKGROUND**

19       Petitioner pled guilty to first degree murder.  He received a sentence of twenty-five

20  years to life in prison.  He alleges that he has exhausted these parole claims by way of

21  state habeas petitions.

22                                    **DISCUSSION**

23  *A.  Standard of Review*

24       This court may entertain a petition for a writ of habeas corpus "in behalf of a person

25  in custody pursuant to the judgment of a State court only on the ground that he is in

26  custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

27  2254(a).  It shall "award the writ or issue an order directing the respondent to show cause

28  why the writ should not be granted, unless it appears from the application that the applicant

**United States District Court**
For the Northern District of California

1  or person detained is not entitled thereto."  *Id.* § 2243.

2  *B. Legal Claims*

3         As grounds for federal habeas relief, petitioner asserts that:  (1) his due process

4  rights were denied when on May 11, 2006, the Board of Parole Hearings denied him parole

5  for the seventh time based on the circumstances of his crime and without complying with its

6  own regulations; (2) the denial of parole was not supported by "some evidence;" (3) the

7  denial violated his plea agreement; (4) the denial was arbitrary and capricious; (5) the

8  Board was biased and had predetermined the result; (6) the Board's criteria are

9  unconstitutionally vague; and (7) the Superior Court of California applied the wrong

10  standard of review in denying his state habeas petition, and that denial was contrary to, and

11  an unreasonable application of, clearly established United States Supreme Court authority.

12

13         These claims are sufficient to require a response.  *See Biggs v. Terhune*, 334 F.3d

14  910, 916-17 (9th Cir. 2003) (warning that repeated denial of parole based on unchanging

15  characteristics of offense might violate due process); *McQuillion v. Duncan*, 306 F.3d

16  895, 904 (9th Cir. 2002) (due process requires that at least "some evidence" support

17  parole denial).

18                          **CONCLUSION**

19      For the foregoing reasons and for good cause shown,

20      1.  The clerk shall serve by certified mail a copy of this order and the petition and all

21  attachments thereto on respondent and respondent's attorney, the Attorney General of the

22  State of California.  The clerk also shall serve a copy of this order on petitioner.

23      3.  Respondent shall file with the court and serve on petitioner, within sixty days of

24  the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

25  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

26  granted.  Respondent shall file with the answer and serve on petitioner a copy of all

27  portions of the state trial record that have been transcribed previously and that are relevant

28  to a determination of the issues presented by the petition.

**United States District Court**
For the Northern District of California

1   If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

2   the court and serving it on respondent within thirty days of his receipt of the answer.

3   4.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

4   answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

5   Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court

6   and serve on respondent an opposition or statement of non-opposition within thirty days of

7   receipt of the motion, and respondent shall file with the court and serve on petitioner a reply

8   within fifteen days of receipt of any opposition.

9   5.  Petitioner is reminded that all communications with the court must be served on

10  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner

11  must keep the court informed of any change of address and must comply with the court's

12  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

13  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

14  *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

15

16  **IT IS SO ORDERED.**

17

18  Dated:  July  9 , 2007.

19  PHYLLIS J. HAMILTON
    United States District Judge

20

21

22

23

24

25

26

27

28  G:\PRO-SE\PJH\HC.07\VALDIVIA760.OSC

3