United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

NOEL VALDIVIA, SR.,

        Petitioner,

  vs.

ROBERT AYERS, Warden,

        Respondents.
                                /

No. C 07-1760 PJH (PR)

**ORDER GRANTING MOTION TO LIFT STAY, DENYING IN PART AND GRANTING IN PART REQUEST FOR SUMMARY DENIAL, AND SETTING DEADLINES**

        This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petition is directed to a denial of parole in 2006.

        The United States District Court for the Eastern District of California granted an earlier habeas petition by petitioner that was directed to a 2004 denial. The respondent in that case appealed. The Ninth Circuit stayed the order of the Eastern District requiring the Board to set a release date for petitioner. *See Valdivia v. Brown*, No. 08-15650, slip op. at 1 (9th Cir. March 28, 2008). This case could have been mooted had the Ninth Circuit affirmed the grant of habeas relief in the 2004 decision, so the court stayed further proceedings here pending the Ninth Circuit decision.

        In his motion to lift the stay, respondent provides a copy of the Ninth Circuit opinion in the appeal of the 2004 habeas case. The Ninth Circuit reversed the Eastern District's grant of relief in light of *Swarthout v. Cooke*, 131 S. Ct. 859 (2011 (per curiam). *Valdivia v. Brown*, No. 08-15650, slip op. at 1-2 (9th Cir. Apr. 20, 2011). That is, that case was not mooted. The motion to lift the stay will be denied.

        Respondent also asks in his motion that the petition be denied, citing *Cooke*. Here, unlike what apparently was the case in the 2004 Eastern District case, there are issues in

addition to the "some evidence" issue disposed of by *Cooke*. In the order to show cause the court listed them: "[P]etitioner asserts that: (1) his due process rights were denied when on May 11, 2006, the Board of Parole Hearings denied him parole for the seventh time based on the circumstances of his crime and without complying with its own regulations; (2) the denial of parole was not supported by "some evidence;" (3) the denial violated his plea agreement; (4) the denial was arbitrary and capricious; (5) the Board was biased and had predetermined the result; (6) the Board's criteria are unconstitutionally vague; and (7) the Superior Court of California applied the wrong standard of review in denying his state habeas petition, and that denial was contrary to, and an unreasonable application of, clearly established United States Supreme Court authority."

To the extent petitioner contends in claim one that he is entitled to federal habeas relief because the Board purportedly did not comply with its own regulations, that claim cannot be a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). The other contention in claim one is a "*Biggs* claim," so called because in *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003), the court said that it might violate due process if the Board were to continue to deny parole to a prisoner because of the facts of his or her offense and in the face of evidence of rehabilitation. *Id.* at 916-17. *Biggs* was overruled as to that point in *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). *See id.* at 556. Because neither of the two parts of claim one can be the basis for federal habeas relief, claim one will be dismissed.

Claim two is the "some evidence" claim. Because the United States Supreme Court has determined that there is no due process right to "some evidence" in parole cases, this claim will be dismissed. *See Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011).

Claim three, petitioner's contention that the failure to grant him parole violated his plea agreement, may proceed.

Claim four, the contention that the Board's denial of parole was arbitrary and capricious, is actually a variant of the "some evidence" claim, and even if it were not, the

Court's holding in *Cooke* that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more,'" *id.* (quoting *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)), establishes that there is no such due process right. Claim four also will be dismissed.

In claim five, petitioner contends that his due process rights were violated because the Board has a policy of not granting parole and thus was biased against him. Because *Cooke* establishes that the only due process rights in parole consideration hearings are an opportunity to be heard and a statement of the reasons why parole was denied, this claim will be dismissed. *See id.*

In claim six, petitioner contends that the Board's criteria for granting or denying parole are unconstitutionally vague. This claim may proceed.

In claim seven, petitioner alleges that the state court considering his habeas petition applied the wrong standard of review and rendered a decision that was contrary to or an unreasonable application of clearly established Supreme Court authority. The standard of review applied by a state habeas court is a matter of state law, and cannot be the basis for federal habeas relief. And that the state court decision purportedly was contrary to, or an unreasonable application of, clearly established Supreme Court authority is a requirement for federal habeas relief, but is not enough in itself to reqire such relief. Claim seven will be dismissed.

**CONCLUSION**

1. Respondent's motion to lift the stay (document number 11) is **GRANTED**. The stay is lifted. The clerk shall reopen the case.

2. Claims one, two, four, five, and seven are **DISMISSED**. Claims three and six may proceed.

3. Respondent shall answer the order to show cause within sixty days of the issuance of this order. Respondent shall file with the answer and serve on petitioner a

copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

**IT IS SO ORDERED.**

Dated: May 24, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.07\valdivia1760.lift stay.wpd